

JAMES A. SAVILLE, JR.
JUSTIN M. HEILIG
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway – Suite 1500
New York, NY 10006
(212) 669-0600

'09 CIV 7304

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONSOLIDATED PIPE CARRIERS PTE LTD,

Plaintiff,

- against -

TRIDENT AUSTRALASIA FZE and
TRIDENT AUSTRALASIA PTY LTD.,

Defendants.

09 CV _____

HEILIG AFFIRMATION

I, Justin M. Heilig, hereby affirm as follows:

1. I am an associate at Hill Rivkins & Hayden LLP, attorneys for Plaintiff herein, and admitted to practice before this Honorable Court.

2. I am fully familiar with the matters set forth herein and submit this Affirmation pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing Robert I. Blum or other partner, associate or paralegal working at Hill Rivkins & Hayden LLP or a licensed process server, who is over the age of 18 and not a party or attorney to this action, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for,

or on behalf of defendants Trident Australasia FZE ("FZE") and Trident Australasia Pty Ltd. ("Trident").

## RULE B

3. Based upon the results of my investigation as set forth herein, I am firmly convinced that the Defendants are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B.

4. I contacted the office of the New York Department of State, Division of Corporations on August 18, 2009, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for corporations named "Trident Australasia FZE" and "Trident Australasia Pty Ltd." The search results indicated that the Defendants are neither New York corporations nor licensed, authorized or registered to do business in the State of New York.

5. I consulted with Directory Assistance for New York on August 18, 2009, for area codes (212), (718), (914), (646), and toll-free listings, and discovered no listing for the Defendants.

6. I accessed the Yellow Pages telephone directory database through Microsoft Internet Explorer on August 18, 2009, and found no listing in that database for any office or agent of the Defendants in the State of New York.

7. I accessed the Google search engine on August 18, 2009 and conducted searches for the Defendants. I discovered that Trident Group of Companies has a "head office" in Perth, Australia, and a "branch office" in Sharjah, United Arab Emirates.

8. On August 18, 2009, I conducted a party search for "Trident Australasia" on ECF/PACER for the Southern District of New York and discovered another Rule B verified complaint, filed on August 13, 2009, claiming that both Trident and FZE are foreign business entities located in Australia and the United Arab Emirates, respectively. *See Int'l Bunkering (Middle East) DMCC v. Trident Australasia FZE*, 09-CV-07160 (DC).

9.  Based upon the foregoing, it is respectfully submitted that the Defendants cannot be "found" within this District within the meaning of Rule B, thus justifying issuance of an order of attachment against the assets of the Defendants as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

## ELECTRONIC FUND TRANSFERS

10.  Plaintiff is desirous that Process of Maritime Attachment and Garnishment shall issue against all tangible and intangible property belonging to or being held for the Defendants by any garnishee identified in Schedule A of the proposed Order, including but not limited to funds representing electronic fund transfers *originated by, payable to, or otherwise for the benefit of* the Defendants.

11.  Plaintiff submits that, in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006), the Second Circuit approved of attachments made to funds originating from, as well as payable to or otherwise benefitting, the defendant. A true an accurate copy of the Aug. 31, 2005 Affidavit submitted by Gardner Smith's defense counsel, Leroy Lambert, is attached hereto as Exhibit 1. Exhibit E of the Affidavit reproduces the Local Rule B.2 notice from the case, which indicated that funds "due and owing to Gardner Smith" were attached by Aqua Stoli Shipping.

## APPOINTMENT OF SPECIAL PROCESS SERVER

12.  Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendants.

13.  To the extent the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves only delivery of the process to the respective garnishee(s).

14. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. Obtaining leave at this time to serve these other possible garnishees will facilitate prompt service of the Process without the Plaintiff's need to return to the Court for permission to amend the process to simply name other garnishees.

I hereby confirm under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 19, 2009

_____
Justin M. Heilig

# EXHIBIT 1

HEALY & BAILLIE, LLP
Attorneys for Defendant GARDNER SMITH PTY LTD.
61 Broadway
New York, New York 10006-2834
(212) 943-3980
LeRoy Lambert (LL-3519)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AQUA STOLI SHIPPING LTD., <br><br> Plaintiff, <br><br> -against- <br><br> GARDNER SMITH PTY LTD., <br><br> Defendant. | 05 Civ. 6929 (JSR) <br><br> **AFFIDAVIT IN SUPPORT OF MOTION TO VACATE EX-PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND/OR TO VACATE OR PRECLUDE ANY AND FURTHER MARITIME ATTACHMENTS AND GARNISHMENTS AND PROCESS AND FOR A STAY PENDING ARBITRATION** |

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a partner in the law firm of Healy & Baillie, LLP, attorneys representing defendant, Gardner Smith Pty Ltd ("GSPL"). I make this affidavit in support of GSPL's motion to vacate/preclude attachment orders and for a stay pending arbitration.

2. I annex as Exhibit C a copy of the complaint filed by Aqua Stoli Shipping Ltd. ("Aqua Stoli") on or about August 4, 2005. The amount demanded in the complaint is $1,449,440.00.

3. I annex as Exhibit D a copy of the Order of Attachment issued by this Court on or about August 4, 2005, authorizing the attachment of funds up to $1,449,440.00.

4. I annex as Exhibit E a copy of a letter dated August 25, 2005, from Tisdale & Lennon, LLP, attorneys for Plaintiff, to Defendant in which Tisdale & Lennon advise GSPL of the Attachment Order (Ex. D) and further that a total of $76,336.20 had been attached as of that date.

5. I annex as Exhibit F a copy of GSPL's General Appearance and Demand for Service dated August 29, 2005, a copy of which was faxed that day to Tisdale & Lennon, LLP, attorneys for Plaintiff.

Dated: New York, New York
August 31, 2005

_____
LeRoy Lambert (LL-3519)

Sworn to before me this
31st day of August, 2005

_____
Notary Public

MICHAEL F. WATSON
Notary Public, State of New York
No. 01WA6056615, Qual. in Kings Cty.
Certificate Filed in New York County
Commission Expires 6/19/07

283728.1

2

# EXHIBIT E

11 WEST 42ND STREET, SUITE 900
NEW YORK, NY 10036
(212) 354-0025
FAX (212) 869-0067

TL@Tisdale-Lennon.com

10 SPRUCE STREET
SOUTHPORT, CT 06890
(203) 254-8474
FAX (203) 254-1641

www.Tisdale-Lennon.com



# TISDALE & LENNON, LLC
ATTORNEYS AT LAW

August 25, 2005

*Via email: jmelloy@gardnersmith.com*
*Via email: tescott@gardnersmith.com*
Gardner Smith Pty Ltd.
Australia

Re: <u>Aqua Stoli Shipping Ltd. vs. Gardner Smith Pty Ltd.</u>
United States District Court for the Southern District of New York
Docket Number: 05-CV-6929-JSR

Dear Sirs:

This letter is to advise you that we represent Aqua Stoli Shipping Ltd. ("Aqua Stoli") in relation to a dispute arising from a charter party dated April 11, 2005. We have filed a lawsuit against Gardner Smith Pty Ltd. ("Gardner Smith") on Aqua Stoli's behalf seeking recovery of damages from Gardner Smith in relation to Gardner Smith's breach of the above referenced charter party. As part of the lawsuit, we have obtained a writ of maritime attachment and garnishment in the amount of $1,449,440.00 against any assets of Gardner Smith in the Southern District of New York. We have served a writ of attachment on Bank of New York, which has confirmed that it has restrained the sum of $20,780.00 due and owing to Gardner Smith. Likewise we have served a writ of attachment on Citibank NA, which has confirmed that it has restrained the sum of $45,756.20 due and owing to Gardner Smith.

Enclosed please find copies of the Complaint, Affidavit, Order of Maritime Attachment and Garnishment, Writ and Answer of International Chemical Corporation.

Very truly yours,

Patrick F. Lennon

PFL/bhs
Enclosures

THOMAS L. TISDALE
ADMITTED IN NY & CT

PATRICK F. LENNON
ADMITTED IN NY & CT

CHARLES E. MURPHY
ADMITTED IN NY & CT

KEVIN J. LENNON
ADMITTED IN NY & CT